UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>Plaintiff.<br><br>v.<br><br>MARIA YOUNG, et al.,<br><br>Defendants. | Case No. 15-cv-00356-JSC<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; REFERRAL FOR REASSIGNMENT; RECOMMENDATION TO REMAND**<br><br>Re: Dkt. No. 2 |

Defendant Maria Young, proceeding pro se and *in forma pauperis*, removed this unlawful detainer action to federal court. Young invokes federal subject matter jurisdiction and diversity jurisdiction under 28 U.S.C. § 1331 and asserts that removal is proper under 28 U.S.C. §§ 1441 and 1446. As neither party has consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c), the Court does not have authority to make a dispositive ruling in this case. Accordingly, the Court orders that this case be REASSIGNED to a District Judge.

Finding that federal jurisdiction is lacking as the single claim in the complaint arises exclusively out of state law and the amount in controversy is less than $10,000, the Court lacks subject matter jurisdiction over this action. Accordingly, the Court RECOMMENDS that the District Court REMAND this action to state court.

**BACKGROUND**

Plaintiff Deutsche Bank National Trust Company ("Plaintiff") initiated this residential unlawful detainer action in Contra Costa County Superior Court on December 24, 2013. (Dkt. No. 1 at Ex. A.) The complaint alleges that Plaintiff purchased the subject property located at 2432 Ohatch Drive, San Pablo CA 94806, at a foreclosure sale on October 30, 2013. (*Id.* ¶¶ 2-3.) Plaintiff further alleges that Defendants Maria Young, Lawrence Young, and Evangeline Young have since failed to surrender possession of the property despite being served with a 3-day Notice

to Quit on December 12, 2013.  (*Id.* ¶ 6.)  Plaintiff seeks possession of the property and holdover damages at a rate of $60.00 per day.  (*Id.* ¶¶ 8-9.)

Maria Young removed the case to federal court on January 26, 2015.  (Dkt. No. 1.)  Young alleges that removal is proper because this case presents a federal question and there is diversity jurisdiction.

## DISCUSSION

### A.   IFP Application

Young moves to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915.  (Dkt. No. 2.)  The Court finds that Young has shown good cause that she is unable to pay the filing fee associated with removing a complaint.  Accordingly, the Court GRANTS Young's request to proceed IFP.

### B.   Subject Matter Jurisdiction

Having granted Young's request to proceed IFP, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss an *in forma pauperis* complaint that lacks subject matter jurisdiction.  *Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987).  Even aside from Section 1915 review, the Court has an independent duty to ascertain its jurisdiction and may remand a case sua sponte for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The party seeking removal bears the burden of proving that subject matter jurisdiction is proper.  *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683-85 (9th Cir. 2006).  For the reasons explained below, Young has failed to establish federal subject matter jurisdiction in this case.

Defendant Young alleges that removal is proper under the federal question statute, 28 U.S.C. § 1331, and 28 U.S.C. §§ 1441 and 1446.  (Dkt. No. 1 at 2.)  Defendant Young's removal of Plaintiff's unlawful detainer action to federal court lacks merit because the court does not have subject matter or diversity jurisdiction over the claims.  It is well settled that federal courts do not have federal question jurisdiction over unlawful detainer actions, where federal law does not create the cause of action and the plaintiff's right to relief as to its claims does not depend on a resolution of a question of federal law.  *JP Morgan Chase Bank, N.A. v. Chavez*, No. C 11-5129 PSG, 2011 WL 6760349, at *1 (N.D. Cal. Dec. 5, 2011) (citations omitted), *report &*

*recommendation adopted by* 2011 WL 6749057 (N.D. Cal. Dec. 23, 2011); *see also, e.g.*, *Eden Housing Mgmt. v. Muhammad*, No. C 07-4325 SBA, 2007 WL 4219397, at *2-3 (N.D. Cal. Nov. 28, 2007) (no federal question jurisdiction on the face of an unlawful detainer complaint); *Citibank N.A. v. Ortiz*, No. 08-cv-1301 LAB, 2008 WL 4771932, at *1 (S.D. Cal. Oct. 28, 2008) (same).

Although Defendant alleges in her removal papers that the unlawful detainer at issue relates to violations of her civil rights arising under federal law (*see* Dkt. No. 1 at 2-3), "removability cannot be created by defendant pleading a counter-claim presenting a federal question." *Eden Housing Mgmt.*, 2007 WL 4219397, at *2 (quoting *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2s 815, 822 (9th Cir. 1985)); *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) ("Neither allegations or affirmative defenses in an Answer nor in the petition for removal can create federal jurisdiction."); *see, e.g.*, *Chavez*, 2011 WL 6760349, at *1 (remanding unlawful detainer action where defendant sought to establish federal question jurisdiction through federal statutory counterclaim); *Fed. Home Loan Mortg. Corp. v. Pinzon*, No. 12-cv-03450 NC, 2012 WL 3527232, at *2 (N.D. Cal. July 12, 2012), *report & recommendation adopted by* 2012 WL 3536761 (N.D. Cal. Aug. 15, 2012). In other words, because the complaint on its face presents no federal question, and a defendant cannot bootstrap federal jurisdiction by pleading a defense or counterclaim, the instant unlawful detainer action must be remanded for determination by the state court.

The Court further finds that there is no diversity jurisdiction based on Plaintiff's unlawful detainer action, which was filed in the superior court as a "limited" civil case amounting to less than $10,000 in controversy. (*See* Dkt. No. 1 at 11 (superior court complaint for unlawful detainer pursuant to Cal. Code of Civil Procedure § 1161a).) For the reasons already discussed, any damages related to Defendant's purported civil rights counterclaim is not part of the amount-in-controversy calculation. *See Chavez*, 2011 WL 6760349, at *1. In addition, only non-resident defendants can effect removal based on diversity jurisdiction. *See* 28 U.S.C. § 1441(b); *Spencer v. U.S. Dist. Ct. for Northern Dist. (Altec Indus., Inc.)*, 393 F.3d 86, 870 (9th Cir. 2004). Once any "local defendant (a citizen of the forum state) has been served, the action cannot be removed by

3

that defendant, or by any other defendant." *Republic W. Ins. Co. v. Int'l Ins. Co.*, 765 F. Supp. 628, 629 (N.D. Cal. 1991).  Here, the complaint alleges that Young resides at the subject property, located in San Pablo, California, and is therefore a citizen of California.  (Dkt. No. 1 at 2.)  As Young is a "local" defendant, removal is improper on this basis as well.

## CONCLUSION

The Court GRANTS Young's IFP application.  However, as the Court lacks subject matter jurisdiction over this action, the Court recommends that this action be REMANDED to the Contra Costa County Superior Court.  Any party may object to this recommendation within fourteen days of the filing date of this order.  See Fed. R. Civ. P. 72(b).

**IT IS SO ORDERED.**

Dated:  February 23, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge